TUCKER & Another v. MASSER & Others.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Submitted January 9, 1885.—Decided January 26, 1885.

A patent for a placer mining claim, composed of distinct mining locations, some of which were made after 1870, and together embracing over one hundred and sixty acres, is valid. *Smelting Co.* v. *Kemp,* 104 U. S. 636, was carefully considered, and is again affirmed.

The facts which make the case are stated in the opinion of the court.

*Mr. L. C. Rockwell* and *Mr. Charles J. Rowell* for plaintiffs in error.

No appearance and no brief for defendants in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This is an action of ejectment for the possession of three lots in what is known as Stevens' and Leiter's subdivision of the City of Leadville, in Lake County, Colorado. The complaint is in the usual form under the practice established in that State, where the action is brought to obtain possession of land alleged to be part of the public domain, but of which the plaintiff claims to have a better right of possession than his adversary. It alleges that on the 10th of March, 1879, the plaintiff was and still "is the owner, by prior actual possession on the public domain, and by superiority of possessory title, and entitled to the immediate possession" of the described premises, and that they are of the value of $5,000; that on the 20th of that month the defendants wrongfully and unlawfully entered upon the premises, and wrongfully and unlawfully withheld them from the plaintiff to his damage of $1,000; that the rents and profits of the premises, from the date of the ouster, have been $200 a month, and aggregate $3,000. The plaintiff, therefore, asks judgment for the possession of the premises and for the damages, rents and profits. The answer of the defendants denies the general allegations of the com-

plaint, and avers that they are the owners of the premises and entitled to their possession.

On the trial the plaintiff offered proof tending to show prior occupation of the premises, the erection of some buildings. thereon, his forcible dispossession by the defendants, and the damages he had sustained.

The defendants introduced in evidence a patent of the United States to William H. Stevens and Levi Z. Leiter, bearing date November 5, 1878, which covered the premises in controversy, and traced title from the patentees through sundry mesne conveyances. The patent was for a placer mining claim, and the plaintiff was allowed, against the objections of the defendant, to introduce, for the purpose of impeaching the patent, the proceedings before the Land Department of the government upon which it was. issued. And the court decided that as it appeared upon such proceedings that the patent was issued upon four mining locations made after 1870 united in one claim, embracing two hundred and ninety acres or thereabouts, the patent was invalid and passed no title to the patentees, holding, in effect, that several distinct mining locations could not after that year be thus united in one claim for which a single patent could be issued. The plaintiff accordingly recovered.

The validity of a patent for a placer mining claim, composed of distinct mining locations, some of which were made after 1870, and together embracing over one hundred and sixty acres, was sustained in the case before us at October Term, 1881, of *Smelting Co.* v. *Kemp*, 104 U. S. 636. All the questions presented in .the case at bar were there fully considered after two arguments of counsel, and we have seen no reason to question the soundness of the conclusions we then reached.

Upon the authority of that case,

*The judgment below is reversed, and the cause remanded for a new trial.*